# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1430

WRITER'S EMAIL ADDRESS
dmarriott@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
PHILIP A. GELSTON
RICHARD W. CLARY
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III

PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD

ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II

D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
MICHAEL L. SCHLER

May 18, 2017

<u>Apotex, Inc. v. Cephalon, Inc. et al., No. 06-cv-2768 (MSG)</u>
<u>Giant Eagle, Inc. v. Cephalon, Inc. et al., No. 10-cv-5164 (MSG)</u>
<u>Walgreen Co. et al. v. Cephalon, Inc. et al., No. 09-cv-3956 (MSG)</u>
<u>Rite Aid Corp. et al. v. Cephalon, Inc. et al., No. 09-cv-3820 (MSG)</u>

Dear Judge Goldberg:

   I write on behalf of Mylan Laboratories Inc. (now known as Mylan Inc.) ("Mylan Labs") to clarify an issue with the Court that has recently come to our attention.

   As the Court is aware, Plaintiff Apotex is the only party with claims remaining against any Mylan entity. Apotex filed its initial Complaint on June 6, 2006; an Amended Complaint on August 10, 2009 (Doc. 149); and a Second Amended Complaint on January 6, 2010 (Doc. 195). All three complaints named only Mylan Labs as a defendant.

   On April 29, 2010, Mylan Labs answered the Second Amended Complaint (Doc. 254). Mylan Labs opened by pointing out:

> "As an initial matter, Mylan notes that, while Plaintiff has named Mylan as a defendant in this action, Mylan is not the holder of an ANDA for a generic version of Provigil® and is not a party to a settlement agreement with Cephalon resolving patent litigation related to that ANDA. Instead, Mylan's subsidiary, Mylan Pharmaceuticals, Inc. ("Mylan Pharmaceuticals") is the ANDA holder and settling party. Mylan therefore denies as stated any and all allegations in the Second Amended Complaint alleging or suggesting that Mylan is the ANDA holder for a generic version of Provigil® that Mylan is party to a settlement agreement with Cephalon, or that Mylan is a proper party to this action. By responding to the allegations in the Second Amended Complaint to the best of its knowledge, information and belief, Mylan does not waive and fully preserves its defense that it is not a proper party to this action." (Doc. 254 at 1-2.)

Apotex did not attempt to respond to Mylan Labs' objection. At no point in time between April 29, 2010 and this week did Apotex seek to add Mylan Pharmaceuticals as a party to its complaint. The direct purchaser plaintiffs, the end-payer plaintiffs and the retailer plaintiffs previously asserted claims against both Mylan Labs and/or Mylan Pharmaceuticals, but these claims have been settled.

On Tuesday of this week Apotex's counsel informed us that they are now, less than three weeks prior to trial, interested in amending their Second Amended Complaint to add Mylan Pharmaceuticals as a defendant. We have informed Apotex's counsel that we will not consent to such an amendment.

In the course of our conversation with counsel for Apotex, it came to our attention that certain pre-trial documents filed recently include references to both Mylan Labs and Mylan Pharmaceuticals. These references to Mylan Pharmaceuticals in the context of claims asserted by Apotex were inadvertently carried over from earlier filings submitted when Mylan Pharmaceuticals was, in fact, a defendant sued by other plaintiffs with which we have since settled.

Apotex has been on notice that it brought suit against the wrong party for over seven years, after being specifically advised that Mylan Labs did not hold the ANDA in question and was not a party to the settlement agreement with Cephalon. An amendment to add a claim against Mylan Pharmaceuticals would be untimely (indeed time-barred) and highly prejudicial as we are literally on the eve of trial. Apotex's change in strategy is an effort to upend our defense of the only remaining claims against our client. Apotex should not be permitted to amend its complaint at this late hour.

Respectfully submitted,

David R. Marriott

The Honorable Mitchell S. Goldberg
   United States District Court
      Eastern District of Pennsylvania
         601 Market Street, Room 7614
           Philadelphia, PA 19106

Copies to: All Counsel (via ECF)